**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Allstate Insurance Company<br>Fair Labor Standards Act Litigation | ) MDL No. 1541 (2:03md1541)<br>)<br>) ALL CASES |

**ORDER RE CONTINUING PLAINTIFFS AND
TERMINATION OF THIS MDL ACTION**

In its Order to Show Cause Re Continuing Plaintiffs (doc. #220), the Court advised all of the Continuing Plaintiffs, the sole remaining plaintiffs in this MDL action, that summary judgment would be granted in the defendants' favor as to all claims of any Continuing Plaintiff who did not show cause in writing by January 23, 2009 explaining why the Court's reasoning in the summary judgment order (doc. #188), which the Court entered in the Gaglione v. Allstate Insurance Co. member case, should not be applied to him or her.

Pending before the Court is Defendants' Motion to Dismiss the Claims of the Continuing Plaintiffs Kathryn Evans Thompson, Arthur McFadden, Danny Fate Padgett, and Charles Neal (doc. #223), to which none of the Continuing Plaintiffs named therein have to date filed any response in opposition and their time for doing so has long since expired. Having reviewed the record, the Court finds that the motion should be granted and the claims of these named Continuing Plaintiffs should be dismissed with prejudice because none of them filed the required memorandum.

Also pending before the Court is the Response of Continuing Plaintiff Judith Gilman to Order to Show Cause re Continuing Plaintiffs (doc. #222); Ms. Gilman, who became an opt-in plaintiff on May 19, 2006 (doc. #142), is the only Continuing Plaintiff to have filed a memorandum in response to the Order to Show Cause. Having reviewed Ms. Gilman's letter and the defendants' reply in opposition thereto (doc. #224), the Court finds as a matter of law that Ms. Gilman has failed to show any sufficient cause as to why summary judgment should not be entered against her.

As correctly noted by the defendants, none of the arguments raised by Ms. Gilman to show why her situation is distinguishable are sufficient to establish that she should be treated any differently than the casualty adjuster at issue in the Gaglione summary judgment order (doc. #188). First, the fact that Ms. Gilman is a current Allstate casualty adjuster rather than a former one is legally irrelevant. Second, even if Allstate's CCPR claims-handling process has been replaced by a new one called Next Gen, which Ms. Gilman conclusorily states denies her crucial independent judgment, the Court has already determined in its summary judgment order that for purposes of the Department of Labor's test for determining eligibility for overtime compensation Allstate adjusters such as Ms. Gilman not only engage in administrative work that is of substantial importance to Allstate, but that they, as a matter of both fact and law, also exercise sufficient discretion and independent judgment to be ineligible for overtime compensation notwithstanding Allstate's detailed claim handling procedures. Third, the fact that Ms. Gilman states that she cannot complete her job duties within a 40-hour work week is irrelevant to the issue of whether she is properly classified as an exempt employee for purposes of the Fair Labor Standards Act.[1]

---

[1] The Court makes no finding herein regarding the defendants' one-

- 2 -

Given that the claims of all Continuing Plaintiffs are now dismissed, the Court finds that this MDL action should be terminated and that all of its member cases should be dismissed.[2]

Therefore,

IT IS ORDERED that Defendants' Motion to Dismiss the Claims of the Continuing Plaintiffs Kathryn Evans Thompson, Arthur McFadden, Danny Fate Padgett, and Charles Neal (doc. #223) is granted and that summary judgment shall be entered in favor of the defendants as to all claims of Continuing Plaintiffs Kathryn Evans Thompson, Arthur McFadden, Danny Fate Padgett, and Charles Neal, and all of those claims are dismissed with prejudice.

IT IS FURTHER ORDERED that the Response of Continuing Plaintiff Judith Gilman to Order to Show Cause Re Continuing Plaintiffs (doc. #222) is overruled and that summary judgment shall be entered in favor of the defendants as to all claims of Continuing Plaintiff Judith Gilman, and all of those claims are dismissed with prejudice.

IT IS FURTHER ORDERED that Continuing Plaintiffs Kathryn Evans Thompson, Arthur McFadden, Danny Fate Padgett, Charles Neal, and

---

sentence request in its reply that Ms. Gilman be ordered to pay all of the defendants' costs incurred in litigating this MDL action. As noted by Ms. Gilman, the Court's Order to Show Cause re Voluntary Dismissal (doc. #215) did not require any Continuing Plaintiff to pay the defendants' costs and the defendants have not to date advanced any legal argument as to why such costs are proper. The Court will resolve the issue if and when the defendants properly raise and support it post-judgment.

[2]

Because the Continuing Plaintiffs are all opt-in plaintiffs who were not assigned to any particular member case, the Court concludes for purposes of judicial economy and efficiency that they should be assigned to the lowest numbered member case, Rosa v. Allstate Insurance Co., CV-03-1741-PHX-PGR, solely for purposes of entry of judgment.

- 3 -

Judith Gilman are deemed to be plaintiffs in <u>Rosa v. Allstate Insurance Co.</u>, CV-03-1741-PHX-PGR, for purposes of entry of judgment.

IT IS FURTHER ORDERED that the Motion for Leave to Withdraw (doc. #217) is granted and that Kelly McInerney and the law firm of McInerney & Jones are withdrawn as counsel for the Continuing Plaintiffs.[3]

IT IS FURTHER ORDERED that the Clerk of the Court shall terminate this MDL action.

IT IS FURTHER ORDERED that member cases <u>Rosa v. Allstate Insurance Co.</u>, CV-03-1741-PHX-PGR, <u>Montano v. Allstate Insurance Co.</u>, CV-04-0014-PHX-PGR, <u>Gaglione v. Allstate Insurance Co.</u>, CV-04-0015-PHX-PGR, and <u>Wunder v. Allstate Insurance Co.</u>, CV-04-1028-PHX-PGR are all dismissed in their entirety and that the Clerk of the Court shall enter judgment for the defendants in each member case.

DATED this 15th day of September, 2009.

/s/ Paul G. Rosenblatt
Paul G. Rosenblatt
United States District Judge

---

[3] The Court requests that Kelly McInerney provide a copy of this order and the resulting judgment in the <u>Rosa</u> case to all Continuing Plaintiffs.

- 4 -